# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BRANDON KING**                                                                                      **PLAINTIFF**

**V.**                              **CASE NO. 4:19-CV-29-BRW-BD**

**BOMBGARDENER, et al.**                                                               **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson. Mr. King may file written objections with the Clerk of Court is he disagrees with the Recommendation's findings or conclusion. To be considered, objections must be filed with the Clerk of Court within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If Mr. King does not file objections, he risks waiving the right to appeal questions of fact. And, if no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**    **Discussion**

A.  Background

Brandon King, a pre-trial detainee at the Pope County Detention Center ("Detention Center"), filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. (Docket entry #2) In his complaint, Mr. King alleges that Defendant Bombgardener violated his rights by opening his legal mail outside of his presence on one occasion.

The Prison Litigation Reform Act requires federal courts to review complaints filed by prisoners seeking relief from government employees or government entities. Courts are obliged to dismiss claims that fail to state a claim for relief before ordering service of process. 28 U.S.C. § 1915A(b). The Court has liberally reviewed the complaint in this case and has liberally construed Mr. King allegations. Even if all allegations in the complaint are true, Mr. King has not stated a federal claim for relief.[1]

Mr. King alleges that, on December 30, 2018, Defendant Bombgardener opened his "legal mail" outside of his presence. Under settled law, legal mail is narrowly defined as mail "to or from an inmate's attorney." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Mr. King did not specify what type of legal mail Defendant Bombgardener opened on the date in question, but even if he opened mail from Mr. King's attorney, no liability arises from an isolated incident of opening incoming confidential legal mail "without any evidence of improper motive or resulting interference with the inmate's right to access the courts or right to counsel." *Id*. Here, Mr. King has not alleged or

---

[1] In his complaint, Mr. King does not attribute any unconstitutional conduct to Captain Rowdy Sweet. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights). Furthermore, although he names the Detention Center as a party Defendant, the Detention Center may not be held liable under 42 U.S.C. § 1983. *Day v. Minnehaha County*, 632 Fed. Appx. 305 (8th Cir. 2016) (per curiam) (citing *Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003) ("county jails are not legal entities amendable to suit")). As a result, Mr. King's claims against these Defendants also fail.

indicated that Defendant Bombgardener acted with an improper motive or that any other constitutional violation occurred as a result of Defendant Bombgardener's action.[2]

### III. Conclusion

The Court recommends that Mr. King's claims be DISMISSED, without prejudice, based on his failure to state a constitutional claim for relief. The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and suggests that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED, this 16th day of January, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] To the extent Mr. King claims that Defendant Bobgardener denied him access to the courts, that claim also fails. To prevail on such a claim, a detainee must show that he suffered an "actual injury" regarding a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536 U.S. 403, 413 (2002)). In this context, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Klinger v. Dept. of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997). Here, Mr. King does not allege that he suffered any such injury.